FILED

2015 AUG 12 PM 2: 13

[U.S. DISTRICT COURT]
[SOUTHERN DISTRICT OF CALIFORNIA]

BY    T H          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>SERGEYI BAZAR,<br>Defendant. | Case No.: 15-CR-499-BEN<br><br>**ORDER** |

Defendant Sergeyi Bazar filed a Motion to Dismiss Counts 3 and 4 of the Indictment and a Motion for a Bill of Particulars. (Docket No. 28.) The Government filed an Opposition. For the reasons stated below, the Motions are **DENIED**.

**I.     Defendant's Motion to Dismiss Counts 3 & 4**

Defendant moves to dismiss Counts 3 and 4 of the Indictment for lack of specificity pursuant to Federal Rule of Criminal Procedure 12.

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as 'those words themselves fully, directly, and expressly without any uncertainty or ambiguity set forth all the elements necessary to constitute the offence [sic] intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)). When considering a motion

to dismiss an indictment, "the district court is bound by the four corners of the [i]ndictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

Here, Counts 3 and 4 track the language of the Mann Act, 18 U.S.C. § 2422(a). For example, Count 3 states: "In or about November 2014, within the Southern District of California, defendant [] did knowingly persuade, induce, entice, and coerce an individual [] to travel to interstate commerce, to wit: from Miami, Florida to San Diego, California, to engage in prostitution and in any sexual activity for which any person could be charged with a criminal offense, and attempted to do so; in violation of Title 18, United States Code Section 2422(a). Count 4 is similar, but concerns a different individual.

Defendant primarily contends that he cannot prepare a defense because the indictment fails to sufficiently inform him of the charges against him. Defendant relies on *United States v. Peel*, No. 14-cr-106, 2014 WL 3057523 (C.D. Cal. July 7, 2014).

In *Peel*, the court dismissed an indictment charging the defendant with a violation of section 2423(a) of the Mann Act. Section 2423(a) uses the same language at issue here: "to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense . . . ." However, the *Peel* indictment did not make reference to "prostitution," rather it charged the defendant with coercing or otherwise persuading the victim to engage in "any sexual activity that might be a criminal offense." The court acknowledged that such language encompasses a multitude of crimes. *Id.* at *3. By failing to allege, either by citation or sufficient factual allegations, which criminal sexual activities the defendant participated in, the indictment was deficient. *Id.*

The case at hand is distinguishable from *Peel*. Here, the indictment charges Defendant with coercing the victims to engage in prostitution and other sexual actions proscribed by law. The use of "prostitution" here describes a narrower universe of conduct for which Defendant is charged. Further, the indictment alleges which individual the charged conduct concerns, and where the individual was persuaded to travel. The indictment is therefore sufficient. *See United States v. Powell*, 1 F. Supp. 2d 1419, 1423 (N.D. Ala. 1998) (tracking the language of the Mann Act was sufficient); *see also United*

2

*States v. Shill*, 740 F.3d 1347, 1352-54 (9th Cir. 2014) (holding the language, "any sexual activity for which any person can be charged with a criminal offense," is not vague or overbroad).

Accordingly, the Motion to Dismiss Counts 3 and 4 of the Indictment is **DENIED**.

## II. Defendant's Motion for a Bill of Particulars

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars. A bill of particulars functions to:

> [I]nform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). Courts should consider whether the indictment and other government disclosures provide the defendant with adequate information to prepare a defense. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "Full discovery obviates the need for a bill of particulars." *Giese*, 597 F.2d at 1180.

Here, Counts 1 and 2 charge Defendant with violations of 18 U.S.C. § 1591(a)-(b). The Government has provided Defendant with nearly all available discovery. Defendant is aware of the Government's theory of the case and should be able to adequately prepare for trial. Defendant's Motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: August /2, 2015

Hon. Roger T. Benitez
United States District Judge