◈AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

**FILED**
MAY 10 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| SERGEYI BAZAR (1) | Case Number: 15CR0499-BEN |
| | FD BY NORMA A. AGUILAR, SARA MARIE PELOQUIN |
| | Defendant's Attorney |

REGISTRATION NO. 49203298

☐

THE DEFENDANT:
☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) 1, 2, 3 OF THE INDICTMENT.
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1591(a) and (b) | SEX TRAFFICKING BY FORCE, FRAUD, OR COERCION | 1, 2 |
| 18 USC 2422(a) | COERCION OR ENTICEMENT | 3 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) 4 OF THE INDICTMENT.
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $300.00 ($100.00 per count) forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

☐ Fine waived     ☒ Forfeiture pursuant to order filed  MAY 3, 2016 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

MAY 3, 2016
Date of Imposition of Sentence

_[signature]_
HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

15CR0499-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: SERGEYI BAZAR (1)
CASE NUMBER: 15CR0499-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
COUNTS 1, 2, 3: TWO HUNDRED AND FOUR (204) MONTHS AS TO EACH COUNT, CONCURRENTLY.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

15CR0499-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: SERGEYI BAZAR (1)
CASE NUMBER: **15CR0499-BEN**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
TWENTY (20) YEARS AS TO EACH COUNT, CONCURRENTLY.

  The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

  If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**15CR0499-BEN**

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 4 — Special Conditions

Judgment—Page __4__ of __8__

DEFENDANT: SERGEYI BAZAR (1)
CASE NUMBER: **15CR0499-BEN**

## SPECIAL CONDITIONS OF SUPERVISION

- [x] Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storage devices or media, social media accounts, and effects to search at any time, with or without a warrant with reasonable suspicion, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

- [x] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

- [x] Not knowingly associate with prostitutes or pimps and/or loiter in areas frequented by those engaged in prostitution.

- [x] Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

- [x] Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation

- [ ] officer

- [x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

- [x] Comply with registration requirements under the Sex Offender Registration and Notification Act.

- [ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

- [x] Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

- [x] Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

- [x] Provide complete disclosure of personal and business financial records to the probation officer as requested.

- [x] Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting, or as otherwise approved by the probation officer.

- [ ] Seek and maintain full time employment and/or schooling or a combination of both.

- [x] Resolve all outstanding warrants within   60   days.

- [ ] Complete _____ hours of community service in a program approved by the probation officer within

- [ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

- [x] Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which shall be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender shall pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer.

- [x] Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment or volunteer activity should be subject to continuous review and assessment by the probation officer.

AO 245S     Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  8 

DEFENDANT: SERGEYI BAZAR (1)
CASE NUMBER: 15CR0499-BEN

# FINE

The defendant shall pay a fine in the amount of   $700.00   unto the United States of America.

This sum shall be paid   ___ immediately.
                             _X_ as follows:

Forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of not less than $25.00 per quarter during the period of incarceration.

The Court has determined that the defendant  does  have the ability to pay interest. It is ordered that:

_X_ The interest requirement is waived.

___ The interest is modified as follows:



FILED

MAY - 3 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15cr0499-BEN |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| SERGEYI BAZAR, | |
| Defendant. | |

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty verdicts returned by the jury on Counts 1 through 3 of the Indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, §§ 1594(d) and 2428, defendant SERGEYI BAZAR is hereby ordered to forfeit to the United States all rights, title and interest in any and all properties used or intended to be used to commit or to promote the commission of the offenses, as alleged in the Indictment.

2. The Court has determined, based on the evidence in the record from the trial in this case, that the Defendant has an interest in such properties, and that the Government has established the requisite nexus between the properties and the offenses of conviction.

3. As a result of the offenses in Counts 1 through 3 of the Indictment, for which the Defendant was convicted, the United States is now entitled to possession of

the following properties, pursuant to Title 18, United States Code, §§ 1594(d) and 2428:

    a. Dell Inspiron 15, Model 3521, Service Tag/Serial No. JKG5402;

    b. Samsung Galaxy s5; S/N: R38F50JNT8K;

    c. BLU Star Jr. Cell Phone; IMEI No. 353806051875253 and IMEI No. 353806051875261;

    d. Nokia 521 Cell Phone; IMEI No. 355913050374318;

    e. HTC Cell Phone; S/N: HT04JPR01026 and IMEI No. 357779031778291; and

    f. Apple iPad; S/N: J30447PSZ38.

4. Upon the entry of this Order, the United States is authorized to take custody of the following properties, and all right, title and interest of Defendant SERGEYI BAZAR in them are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 § 853(n):

    a. Dell Inspiron 15, Model 3521, Service Tag/Serial No. JKG5402;

    b. Samsung Galaxy s5; S/N: R38F50JNT8K;

    c. BLU Star Jr. Cell Phone; IMEI No. 353806051875253 and IMEI No. 353806051875261;

    d. Nokia 521 Cell Phone; IMEI No. 355913050374318;

    e. HTC Cell Phone; S/N: HT04JPR01026 and IMEI No. 357779031778291; and

    f. Apple iPad; S/N: J30447PSZ38.

5. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

6. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

2

15cr0499

the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

9. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: 4/3/2016

Hon. ROGER T. BENITEZ
United States District Judge